UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Civil Action No. 06-cv-00604-WYD

ROBERT L. RICHARDSON,

    Plaintiff,

v.

MICHAEL J. ASTRUE, Commissioner of Social Security,[1]

    Defendant.

_____

**ORDER**
_____

I.    <u>INTRODUCTION</u>

    THIS MATTER is before the Court on review of the Commissioner's decision that denied Plaintiff's application for disability insurance benefits and supplemental security income under Titles II and XVI of the Social Security Act, 42 U.S.C. §§ 401-433 and 1383-1383c.  Plaintiff's applications filed in February 2003 claim that he became disabled on August 31, 2002, due to asthma, high blood pressure, diabetes, and a sleep disorder.  (Transcript ["Tr."] 96-98, 113.)  His applications were denied initially (*id.* 61-65) and by an Administrative Law Judge ["ALJ"] by decision dated August 3, 2004.  (*Id.* 47-56.)

    The Appeals Council granted Plaintiff's request for review, vacated the ALJ's decision based on new and material evidence, and remanded the case for further

---

[1] Michael J. Astrue, the current Commissioner of Social Security, has been substituted as the Defendant pursuant to F<small>ED</small>. R C<small>IV</small>. P. 25(d)(1).

proceedings. (Tr. 58-60.)[2] On remand, the ALJ was directed, among other things, to "consider the additional evidence, if necessary, obtain medical expert testimony to clarify the notice and severity of the claimant's impairments . . and further evaluate the claimant's residual functional capacity. . . . " (*Id.* 60.)

After a new hearing, the ALJ determined on June 29, 2005, that Plaintiff was not disabled because he retained the residual functional capacity ["RFC"] to perform a range of medium work that existed in significant numbers in the national economy. (Tr. 34.) This is discussed in more detail in the following section. The Appeals Council again granted Plaintiff's request for review (*id.* 17-21) and issued a partially favorable decision, finding Plaintiff disabled as of June 29, 2005. (*Id.* 14.) That decision represents the final decision of the Commissioner for purposes of judicial review.

II.  THE UNDERLYING DECISIONS

  A.  The ALJ's Decision

The ALJ's most recent decision noted that Plaintiff is a 53-year-old individual with a high school education and past work experience as a baker. (Tr. 28.) At step one of the sequential evaluation, the ALJ found that Plaintiff had not performed substantial gainful activity since the alleged onset date of disability. (*Id.* 33.) At step two, Plaintiff was found to have severe impairments of asthma, diabetes, sleep apnea, obesity and hypertension. (Tr. 29, 33.) At step three, Plaintiff's severe impairments, either singly or in combination, were found not to meet or equal a Medical Listing. (*Id.*)

---

[2] A new application for disability insurance benefits was filed in September 2004. (Tr. 106-09.) The Appeals Council ordered that this application be associated with the prior application. (*Id.* 27, 60.)

The ALJ then assessed Plaintiff's credibility and RFC. (Tr. 29-32.) He found that "[t]he claimant's allegations are considered to be only partially credible and not fully supported by objective medical findings." (*Id.* 31.) Plaintiff was found to have the RFC to perform medium work with the following non-exertional limitations: minimal dust, smoke, chemicals and fumes and avoid extreme temperature changes, damp areas and high humidity. (*Id.*) The ALJ stated that the RFC finding remained unchanged from the previously determined RFC of August 3, 2004, as the newly submitted evidence failed to establish any worsening of Plaintiff's condition and did not support any more significant functional limitations than those already found. (*Id.* 31-32.)

At step four, the ALJ found that Plaintiff could not perform his past work as a baker as that was heavy work. (Tr. 32.) At step five, the ALJ noted that Plaintiff was a person closely approaching advanced age with a high school education and no transferable skills from skilled work previously performed. (*Id.*) The ALJ used the Medical-Vocational Guidelines as a framework and found that Plaintiff was capable of performing a significant range of medium work. (*Id.*) Due to Plaintiff's exertional and non-exertional limitations, however, the ALJ also relied on the testimony of the vocational expert ("VE") at the prior hearing. (*Id.* 32-33.)

The VE testified at that hearing that a hypothetical person with Plaintiff's vocational skills could work as a driver/chauffeur, food service (counter), and child care worker (medium work). (Tr. 33.)[3] The ALJ accepted the VE's opinion and found that

---

[3] While the VE did not provide job codes in the Dictionary of Occupational Titles ["DOT"] and stated that all of these jobs are at the medium exertional level, it is undisputed that only a child-care attendant is described as medium work in the DOT. The other jobs are at the light exertional level.

Plaintiff is capable of making a successful adjustment to work that exists in significant numbers in the national economy. (*Id.*) Accordingly, Plaintiff was found to be not disabled. (*Id.* 33, 34.)

      B.     <u>The Appeals Council's Decision</u>

On review, the Appeals Council adopted the ALJ's statements regarding the legal framework, the issues in the case, and the evidentiary facts. (Tr. 10.) The Appeals Council rejected, however, the ALJ's finding that Plaintiff has not been disabled for the period commencing on June 29, 2005. (*Id.*)

More specifically, the Appeals Council agreed with the ALJ's assessment at steps one through four, but did not agree with the ALJ's RFC finding. (*Id.* 11.) Relying on an opinion of Dr. Blee, an internal medicine specialist that the Appeals Council referred the case to, the Appeals Council found that Plaintiff was able to perform only light work, as compared to medium work. (*Id.*) As the VE found that there were two jobs that Plaintiff could perform within this category, the Appeals Council found that for the period prior to June 29, 2005, Plaintiff was not disabled at step five since he could perform alternate work existing in significant numbers in the national economy. (*Id.*)

However, the Appeals Council noted that Plaintiff turned 55 on July 16, 2005. (Tr. 11.) The most recent decision was made on June 29, 2005, less than three weeks before Plaintiff's attainment of that age. (*Id.*) The Council noted that Medical-Vocational Rule 202.06 would apply once Plaintiff reached age 55 and would result in a finding of disabled. (*Id.* at 11-12.) It also noted that the age categories are not to be applied mechanically and that, given Plaintiff's environmental limitations which resulted

in additional vocational adversity, Plaintiff would be found disabled under the framework of Rule 202.06 as of the time of the hearing, June 29, 2005.  (*Id.* at 12.)

III.   ANALYSIS

   A.   Standard of Review

A Court's review of the determination that a claimant is not disabled is limited to determining whether the Commissioner applied the correct legal standard and whether the decision is supported by substantial evidence.  *Hamilton v. Sec. of Health and Human Servs.*, 961 F.2d 1495, 1497-98 (10th Cir. 1992).  Substantial evidence is evidence a reasonable mind would accept as adequate to support a conclusion.  *Brown v. Sullivan*, 912 F.2d 1194, 1196 (10th Cir. 1990).  "It requires more than a scintilla of evidence but less than a preponderance of the evidence."  *Gossett v. Bowen*, 862 F.2d 802, 804 (10th Cir. 1988).  Although the court should carefully examine the record, it may not weigh the evidence or substitute its discretion for that of the Commissioner.  *Thompson v. Sullivan*, 987 F.2d 1482, 1487 (10th Cir. 1993). .

   B.   Whether the Commissioner Acted in Bad Faith

Plaintiff's sole issue on appeal is that the Commissioner acted in bad faith.  I find, for the reasons stated below, that the Commissioner's decision is supported by substantial evidence and that Plaintiff has not shown bad faith.  Accordingly, the Commissioner's decision is affirmed.

Plaintiff argues that he should be found disabled as of February 20, 2003, and that the record from the Veterans Administration ["VA"][ supports such a finding.  He also argues that the physicians relied on by the Commissioner were not specialists and

implies that the Commissioner was not entitled to rely on their opinions. I reject these arguments. I find that the decision that Plaintiff was not disabled from February 20, 2003 through June 28, 2005 is supported by substantial evidence.

While Plaintiff argues that the medical evidence from the VA supported a finding of disability, he fails to cite any record support for this argument. I have perused the record from the VA (Tr. 297-495) as well as the other medical records. While the records support the existence of Plaintiff's severe impairments, they do not address Plaintiff's work-related functional limitations or whether the impairments are disabling within the meaning of the Social Security Act. Thus, the Commissioner was entitled to rely on the decisions of its medical consultants, including the opinions of Dr. Canham, Dr. Blee and another DDS adjudicator. (*See* Tr. 203-10, 272-80, and 11.) Further, I find that the Commissioner was entitled to use the Medical-Vocational Guidelines as a framework, which when combined with the testimony of the VE, supported the Commissioner's finding that Plaintiff could perform light work that existed in significant numbers in the national economy.[4] Accordingly, I find that the Commissioner's decision on this issue was supported by substantial evidence and was not made in bad faith.

Plaintiff also argues, among other things, that: (1) the ALJ did not follow the Appeals Council's order of remand, and did not hear his testimony as to whether work

---

[4] While the Appeals Council improperly referred to Plaintiff being able to perform child care work, which is medium work, the overall conclusion that there are jobs which exist in significant numbers in the national economy that Plaintiff can perform was supported by substantial evidence. The VE identified two light jobs that Plaintiff could perform—food service (counter) (573 jobs regionally and 29,000 nationally) and driver/chauffeur (231 regionally and 18,000 nationally). These jobs exist in significant numbers in the national and regional economy. *See Triamar v. Sullivan*, 966 F.2d 1326, 1330 (10th Cir. 1992) (affirming a finding that 650-900 jobs in the state was a significant number of jobs).

exists in the national economy, (2) the Commissioner failed to use the compilation of the Social Security laws; and (3) the Appeals Council did not have the right to change Plaintiff's disabled date  Thus, he argues that the Commissioner acted in bad faith, that the decisions are not supported by substantial evidence, and that he should be found to be disabled as of February 20, 2003.

I reject Plaintiff's arguments.  First, I find no merit to the argument that the Commissioner failed to follow the Social Security laws.  It appears from my review of the record that both the ALJ and the Appeals Council applied the correct legal standards in issuing their decisions.

I also reject Plaintiff's argument that the Commissioner's decision should be reversed because the ALJ violated the Appeals Council's remand order. First, I note that the remand order did not direct the ALJ to allow Plaintiff to testify again.  As to vocational testimony, the ALJ was directed to obtain supplemental testimony from a VE only if he believed it was warranted.  Supplemental testimony by a VE was obviously felt by the ALJ not to be warranted as the ALJ found that the newly submitted evidence did not change the RFC.  While the Appeals Council disagreed as to the RFC, the previous testimony of the VE was found to be sufficient on the issue of Plaintiff's ability to perform other work in the national economy.  I find no error on this issue.  While the ALJ did not follow the Appeals Council's directive to obtain a medical expert on remand, the Appeals Council corrected this error by obtaining Dr. Blee's opinion and issuing its own decision in reliance on same.

Finally, I reject Plaintiff's argument that the Appeals Council improperly changed the date of disability to June 29, 2005.  This decision was not based on any medical evidence regarding disability, but on Medical-Vocational Rule 202.06 which provides that a person who is 55 years old at the time of the decision with the vocational profile of Plaintiff is considered to be disabled under the Social Security Act.  Although Plaintiff was not yet 55 as of the time of the hearing, the Appeals Council properly considered the case as a borderline situation and determined whether the rule should be applied to Plaintiff.[5]  The Appeals Council considered the factors of Plaintiff's case and acted in his favor, *i.e.*, it chose to apply the rule finding him disabled even though he was not yet 55 years old.  There certainly was no bad faith in this decision.

IV.     CONCLUSION

Based upon the foregoing, it is

ORDERED that the decision of the Commissioner is **AFFIRMED**.  In accordance therewith, it is

ORDERED that judgment shall enter in favor of Defendant and against Plaintiff.

Dated August 28, 2007

                                        BY THE COURT:

                                        s/ Wiley Y. Daniel
                                        Wiley Y. Daniel
                                        U. S. District Judge

---

[5]  *See* 20 C.F.R. §§ 404.1563(b) and 404.963(b) ("If you are within a few days to a few months of reaching an older age category, and using the older age category would result in a determination or decision that you are disabled, we will consider whether to use the older age category after evaluating the overall impact of all the factors of your case").