UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Civil Action No. 06-cv-00604-WYD

ROBERT L. RICHARDSON,

    Plaintiff,

v.

MICHAEL J. ASTRUE, Commissioner of Social Security,

    Defendant.

_____

**ORDER**
_____

THIS MATTER is before the Court on Plaintiff's Request [for] a Rehearing filed September 10, 2007. Plaintiff asserts in his motion that the Court erred when in affirmed the Commissioner's decision that Plaintiff was not disabled from February 2003 through June 28, 2005. I find that the motion should be denied.

I must first determine the appropriate standard for reviewing Plaintiff's motion, since it does not state the legal basis for the motion. Since the motion was filed within ten (10) days of entry of judgment, I will construe this as a motion under FED. R. CIV. P. 59(e).[1] *See Phelps v. Hamilton*, 122 F.3d 1309, 1323-24 (10th Cir. 1997) ("'regardless of how it is styled or construed. . . a motion filed within ten days of the entry of judgment that questions the correctness of the judgment is properly treated as a Rule 59(e) motion'. . . . [f]urthermore, we have held that a motion will be considered under

---

[1] I note that the tenth day after judgment was entered was Saturday, September 8, 2007. Thus, a Rule 59(e) motion could be filed up to Monday, September 10, 2007, the date Plaintiff filed his motion.

59(e), 'when it involves reconsideration of matters properly encompassed in a decision on the merits'") (quotations and internal quotation marks omitted).

There are three major grounds that justify reconsideration of a motion: "(1) an intervening change in the controlling law; (2) new evidence previously unavailable; and (3) the need to correct clear error or prevent manifest injustice." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000); *see also Phelps*, 122 F.3d at 1324. A motion for reconsideration "is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing". *Servants of the Paraclete*, 204 F.3d at 1012.

In the case at hand, Plaintiff has not advanced any change in the law or newly discovered evidence. Moreover, he has not shown any clear error in the Court's ruling that substantial evidence supported the Appeals Council's conclusion that Plaintiff was not disabled prior to June 29, 2005. *See* August 28, 2007, Order at 5-6. While Plaintiff argues that there is medical evidence that supports his argument of disability from an earlier date, he again does not cite to the record as to such evidence or provide such evidence to the Court. Further, he does not show how the Court erred in its discussion of the medical evidence and why it did not support a finding of disability prior to June 2005. *Id.* at 6.[2]  Finally, I find that the arguments Plaintiff makes were raised or could

---

[2] Further, while Plaintiff argues that a Medical-Vocational Guideline was not applied prior to June 28, 2005, that is not true. The Appeals Council relied on Rule 202.14 of the Guidelines for the time frame from August 31, 2002 through June 28, 2005. That Rule directs that a claimant who is closely approaching advanced age, has Plaintiff's other RFC characteristics and who can do light work should be found not disabled. Here, as discussed in my Order, there was evidence from a vocational expert that a hypothetical person with Plaintiff's RFC and impairments could perform certain jobs within the light work. Thus, there was substantial evidence that supported the Appeals Council's finding that Plaintiff was not disabled prior to June 28, 2005, and Plaintiff has not shown clear error as to same.

have been raised in his prior briefs.  Accordingly, I find that Plaintiff's motion should be denied.

Based upon the foregoing, it is

ORDERED that the "Request [for] a Rehearing by Plaintiff is **DENIED**.

Dated October 25, 2007

                                        BY THE COURT:

                                        s/ Wiley Y. Daniel
                                        Wiley Y. Daniel
                                        U. S. District Judge